UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                                        Case Number: 08-20089
JAMES P. LAICH,                                  Honorable Julian Abele Cook, Jr.

        Defendant.

## ORDER

The Defendant, James P. Laich, has been accused by the United States Government of violating 18 U.S.C. §§ 2256 and 2252 (i.e., possessing material with images of child pornography and transporting them in interstate commerce, respectively). On November 13, 2008, the Court, in granting Laich's motion to withdraw his plea of guilt of May 1, 2008, opined "that [his] new counsel should have an opportunity to address his client's concerns regarding the legal sufficiency of the Government's evidence against him."

On May 7, 2009, Laich filed a motion in which he seeks to have an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).[1] Five days later, the Government filed a response in opposition, contending that Laich's motion should be rejected because, in its opinion, he had failed to satisfy the minimum requirements for a *Franks* hearing.

---

[1] On March 19, 2009, Laich filed a motion to suppress. However, in his reply to the response from the Government, he raised the *Franks* hearing issue for the first time. On April 29, 2009, the Court directed Laich to file a separate motion on the basis of his *Franks* hearing claims within ten days thereafter.

In his currently pending motion, Laich submits that an Immigration and Customs Enforcement ("ICE") agent, Adel Buloushi, in submitting an affidavit to support the application for a search warrant, made statements which exhibited "a deliberate or reckless disregard" for the truth. He also contends that Buloushi had seized his laptop computer without any probable cause or a warrant. Thus, it is his belief that, when this allegedly unconstitutional act is combined with the false representations within the search warrant affidavit, it proves that Buloushi had not acted in good faith.

The Government disagrees, arguing that Laich has failed to provide the Court with any reasonably substantial information that would support his condemnation of Buloushi's claimed misconduct. Moreover, the Government asserts that even if Laich's challenges could be viewed as being meritorious, there remains a sufficiency of evidence upon which to support the magistrate judge's finding of probable cause for the issuance of a search warrant. [2]

II.

In *Franks*, the Supreme Court held that "where the defendant makes a preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." 438 U.S. at 156-57. Under such circumstances, a defendant must satisfy a two-prong test in order to obtain a hearing to challenge the substance of an affidavit that had been rendered in support of a search warrant. First, a defendant must make a "substantial preliminary

---

[2]The Government did not address the seizure of the laptop in its response to Laich's *Franks* hearing motion, stating that it had fully briefed this issue in its response to Laich's earlier motion to suppress the evidence (Docket # 36).

showing" that specified portions of the affiant's statements were deliberately false or made with a "reckless disregard for the truth." Second, a defendant must show that the exclusion of such statements would leave the affidavit with an insufficient basis upon which to establish probable cause.

### III.

According to Laich, Buloushi made several patently false statements in this now-challenged affidavit:

First, Buloushi asserted in his request for a search warrant that "the instant investigation has revealed that an individual employing the e-mail account playthangnyc@yahoo.com, subsequently identified as James Paul Laich[,] has e-mailed four images of child pornography" to Ronald Mancos while chatting with him in a Yahoo instant messaging chat room on February 13, 2005. This information was reportedly based upon (1) the subpoenaed records that had been provided to the Government by Yahoo records, (2) the statements of several informants, and (3) an examination of Mancos' computer and email messages.

In challenging the accuracy of Buloushi's affidavit, Laich maintains that it is full of incorrect statements, including the paucity of any reliable evidence that he had ever logged into his Yahoo account on February 13, 2005. The Government, in discounting the significance of this alleged omission, submits that the subpoenaed records from America Online ("AOL") indicate that Laich had logged onto this internet account on February 13th which, in turn, allowed him to have an indirect access to his Yahoo instant messenger account.[3] The Court notes that these subpoenaed

---

[3] To corroborate Buloushi's accusation that Laich was online on February 13, 2005, the Government also relies upon a statement from Mancos' mother who averred that "on this 13th day of February[,] I Carolyn Mancos being made aware of child enticement by son Ronald

records were not included in now-challenged affidavit which, arguably, provides presumptive support for Laich's contention that Buloushi purposely failed to fully provide the magistrate judge with all of those "particular facts and circumstances underlying the existence of a probable cause" which are necessary to make an informed decision. *Id.* at 165. Laich also points out that a search by Buloushi of Mancos' email account failed to reflect the existence of any internet messages which contained images of child pornography.[4]

Second, Laich also asserts that Buloushi showed a reckless disregard for the truth by disingenuously bolstering the credibility of Mancos' explanation for possessing child pornography. He maintains that Buloushi, prior to submitting his affidavit to the magistrate judge, was well aware of the inconsistencies between Mancos' post-Miranda statements to Government agents and the results of their examination of the Laich computer. Laich notes that on February 13, 2005, Mancos initially provided the Melvindale (Michigan) Police Department with two images of child pornography which he claimed had been sent to him by Laich. However, Laich argues that approximately three weeks later on March 2nd, Mancos informed Buloushi that he had received four images of child pornography on his computer from Laich. A subsequent forensic examination of Mancos' computer disclosed the existence of eight images of child pornography which facially suggests that he had failed to inform the Government of at least other four images on his computer.[5]

---

Mancos, on his Yahoo Instant Messenger Account and Yahoo Email Account did print out the pictures for him to take to the Police Department."

[4]Although the Government correctly points out that "absence of those emails does not mean they were never sent," the omission of such facts from the affidavit, especially when combined with the above-listed information, suggests the need for a hearing to determine if Buloushi did exhibit a reckless disregard for the truth in his affidavit.

[5]On March 2nd, Mancos told Buloushi that his father and a former girlfriend had access to his computer and may have downloaded the images. However, it is worth noting that this

4

The Court, in its review of the respective positions of the parties, concludes that he has made a preliminary showing that if (1) Buloushi's challenged statements are stricken from the record, and (2) the information that was obtained by Government as the result of its allegedly unconstitutional seizure of the laptop receive the identical evidentiary ruling, the search warrant would appear to lack the requisite probable cause for a search of Laich's home. Thus, if these two factors are removed, the Court is left with the Buloushi affidavit which only states that Laich (1) admitted to having a conversation in which he solicited another individual to have sex with a minor female, and (2) acknowledged having posed as a woman online because he "likes to get images back from young males." The affidavit, while indicating that the conversation with the other male involving sex with a minor female occurred while Laich was in Memphis, Tennessee, fails to provide a nexus between his questionable conduct in Tennessee and the allegedly criminal activities within his home in Michigan.

The Government argues that inasmuch as (1) Laich had a computer in his private residence, and (2) collectors of child pornography generally "store their child pornography in the privacy of their home," there was probable cause for its agents to search his home. Such an argument presumes that Laich is a collector of child pornography - a conclusion that Buloushi neither asserted nor attempted to establish in his affidavit. Moreover, this conclusory statement is overly broad and, hence, lacks any meritorious consideration by the Court in the absence of competent evidentiary support. See, *United States v. Weber*, 923 F.2d 1338, 1340, 1344 (9th Cir. 1991) (finding lack of probable cause to support search warrant of defendant's home because there was insufficient evidence to establish that defendant was collector notwithstanding proof that he had

---

questionable explanation was not included in Buloushi's affidavit.

ordered forty eight images of child pornography for delivery to his home) and *United States v. Paull*, 551 F.3d 516, 522-523 (6th Cir. 2009) (distinguishing *Weber* after finding defendant to be collector who had subscribed to and downloaded images from multiple child pornography websites continuously for two year period.).

In summary, the Court concludes that Laich has made a "substantial preliminary showing" that (1) Buloushi gave statements in his search-warrant affidavit which that may have been false or reflected a reckless disregard for the truth, and (2) a rescission of the representations by Buloushi in his affidavit could, arguably, result in the absence of the requisite probable cause standard which would be necessary in order to obtain a search warrant of his home. Therefore, the Fourteenth Amendment requires that Laich's request for an evidentiary hearing be granted.

IV.

For all of the reasons that have been stated above, the Court finds that Laich has met all the necessary requirements under *Franks* for an evidentiary hearing on these issues which, in turn, warrants the grants the granting of his motion. A hearing on this issue and on Laich's previously filed motion to suppress evidence (Docket #36) will be held on Wednesday, November 18, 2009 at 9:30a.m.

IT IS SO ORDERED.

Dated: September 10, 2009   S/Julian Abele Cook, Jr.
      Detroit, Michigan   JULIAN ABELE COOK, JR.
          United States District Court Judge

<u>Certificate of Service</u>

I hereby certify that on September 10, 2009, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

<u>s/ Kay Doaks</u><br>
Courtroom   Deputy   Clerk